584 So.2d 964 (1991)
IN RE AMENDMENTS TO THE FLORIDA PROBATE RULES.
No. 77086.
Supreme Court of Florida.
August 22, 1991.
H. Laurence Cooper, Jr., Co-Chair, West Palm Beach, and Samuel S. Smith, Co-Chair, Miami, Fla. Probate Rules Committee of The Florida Bar, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, for petitioner.
David G. Shields, Foster & Kelly, Orlando, Anthony C. Musto, Chairman, Florida Rules of Judicial Admin. Committee, Musto, Zaremba and Rosenthal, Coral Gables, and Thomas E. Penick, Jr., Probate Administrator, Circuit Court Judge, Sixth Judicial Circuit, Clearwater, George J. Felos, of Felos & Felos, Dunedin, responding.
PER CURIAM.
The Probate Rules Committee of The Florida Bar filed a petition and a supplemental petition submitting proposed amendments to the Florida Probate Rules. The petitions were filed upon this Court's request for the committee to proceed outside of its four-year cycle to redraft and rewrite the Florida Probate Rules in compliance with numerous legislative changes to the Florida Guardianship Law. The supplemental petition also contains a proposed new rule in response to this Court's request in In re Guardianship of Browning, 568 So.2d 4 (Fla. 1990), with respect to expedited judicial intervention concerning medical treatment procedures.
The committee reports that the Board of Governors of The Florida Bar voted unanimously in favor of the proposed amendments. The amendments were advertised in The Florida Bar News, and persons were invited to file comments or objections with the Court within a prescribed time. Thereafter, the Court heard oral argument on the proposed amendments.
The Court hereby adopts the proposed amendments in their entirety with the following exceptions:
1. Rule 5.040(b) has been amended to more clearly define informal notice.
2. The requirement contained in proposed rule 5.590 that the application for appointment as guardian be filed with the petition to determine incompetency has been eliminated.
3. The term "incapacitated person" in proposed rule 5.635 has been changed to "ward."
4. The title of proposed rule 5.900 has been changed to read "Expedited Judicial Intervention Concerning Medical Treatment Procedures."
5. Rule 5.900(a) has been reworded to coincide with the title of the rule and to make clear that a petition may be brought by any "interested" adult person.
6. A new provision has been added to proposed rule 5.900(c) which requires that the patient's adult children be notified of the proceeding.
7. The terminology of other portions of proposed rule 5.900 has been slightly reworded to more fully reflect the provisions of In re Guardianship of Browning, 568 So.2d 4 (Fla. 1990).
The proposed amendments which are attached hereto shall become effective on October 1, 1991. The committee notes are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE RULES.

RULE 5.010. SCOPE
These rules govern the procedure in all probate and guardianship proceedings and shall be known as the Florida Probate Rules and may be cited as FPR. Part I of *965 these rules applies to both probate and guardianship procedure all proceedings. Part II applies to probate alone, and Part III applies to guardianship alone, and Part IV applies to expedited judicial intervention concerning medical treatment procedures. The Florida Rules of Civil Procedure apply only as provided herein.

Committee Notes
In the opinion reported at 460 So.2d 906, the Florida Supreme Court directed the Probate and Guardianship Rules Committee to study the statutes and attempt to identify those portions of the Florida Probate Code, the Florida Guardianship Law, and other statutes that contained procedural provisions. When those procedural provisions were identified, the committee was charged to promulgate rules incorporating those procedures.
The committee has reviewed the statutes and has found a substantial measure of procedure that was contained only in the statutes for which there were no corresponding rules. The committee also determined that much of the procedure in the statutes already had a rule counterpart.
New rules added, or prior rules amended, in 1988 to add procedural matters previously found only in the statutes are rules 5.050, 5.122, 5.171, 5.180, 5.201, 5.235, 5.270, 5.275, 5.355, 5.360, 5.385, 5.386, 5.400, 5.440, 5.475, 5.490, and 5.510. With only one exception (see rule 5.050), the only portion of the statutes that has been reviewed in detail, and for which rules have been created, is the Florida Probate Code. Other portions of the statutes mentioned in the opinion cited above remain for the next cycle of this committee to review.
As the committee wrote rules to transfer the statutory procedure into these rules, an attempt was made to write the rule without changing the meaning of the statute. It was not possible or advisable to use the exact wording of the statute in some instances, and in those instances the committee rewrote the statutory language in the format used in the rules generally. Even under those circumstances, the committee attempted to transfer the entire procedural portion of the statute without changing its meaning. Where it was specifically intended in a few instances to add to existing procedure, that fact is noted in the relevant committee note. The committee felt strongly that it would be detrimental to the orderly process of estate probate and related procedures if a rule specified a different procedure than was specified in the related statute, even though the statute must, under the Florida Constitution, yield to the rule when there is a conflict.
The committee, through the proper channels in The Florida Bar (initially, the Probate Law Committee of the Real Property, Probate and Trust Law Section), intends to ask the legislature to repeal those portions of the statutes that are procedural when there are similar rules already in place, or when similar new rules are added by this opinion. It is the opinion of the committee that continuing to maintain procedure in the statutes when there is a rule specifying that procedure is detrimental to the orderly process of the court and the public that it serves, especially when, over time, the statute and the rule may diverge.
Although the supreme court has adopted these recommended rules, it has not specifically determined that all of the provisions of the statutes that were procedural have now been adopted as a rule. This is a continuing project for the committee and although these new rules and changes represent a substantial transition of procedure into the rules, the committee does not suggest that the transition is complete. The court is not precluded from examining any particular statute or rule in the context of a particular actual dispute.

Rule History
1975 Revision: These rules shall govern the procedures to be followed in all matters pending on or commenced after January 1, 1976, including procedures for the enforcement of substantive rights that have vested before that date. See section 731.011, Florida Statutes.
1977 Revision: The changes in these rules shall take effect on July 1, 1977.
*966 1988 Revision: Committee notes expanded. Citation form changes in rule and committee notes.
1991 Revision: Rule revised to reflect addition of new Part IV dealing with expedited judicial intervention concerning medical treatment procedures.

Rule References
FPR 5.025 Adversary proceedings.
FPR 5.040(a)(3)(C) Notice.
FPR 5.050(a) Transfer of proceedings.
FPR 5.070 Subpoena.
FPR 5.080 Discovery.
FPR 5.230(e) Commission to prove will.

RULE 5.040 NOTICE
(a) Formal Notice.
(1) When formal notice is given, a copy of the pleading or motion shall be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.
(2) After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered exparte as to that person, unless the court orders otherwise.
(3) Formal notice shall be served:
(A) by any form of mail requiring a signed receipt as follows:
(i) on an interested person represented by an attorney by mailing a copy to the attorney; or
(ii) on an interested person who has filed a demand for notice by mailing a copy to the post office address given in the demand for notice; or
(iii) on an individual, other than an incompetent, by mailing a copy to his usual place of abode or to the place where he regularly conducts business; or
(iv) on an incompetent by mailing a copy to his usual place of abode and to his legal guardian, if any, at his usual place of abode or regular place of business; or, if there is no legal guardian, by mailing a copy to the incompetent at his usual place of abode and to the person, if any, having care or custody of the incompetent at the usual place of abode or regular place of business of such custodian; or
(v) on a corporation by mailing a copy to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided by Florida law for service of process; or
(C) by an elisor as may be provided in the Florida Rules of Civil Procedure.
(4) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.
(5) Service of formal notice by mail shall be complete on receipt of the notice. If service is made by mail, proof of service shall be by verified statement of the person mailing service, and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or his agent.
(b) Informal Notice. When informal notice of a petition or other proceeding is required or permitted, it shall be served as provided in these rules rule 5.041(b).
(c) "Notice" Defined. In these rules, the Florida Probate Code, and the Florida Guardianship Law "notice" shall mean informal notice unless formal notice is specified.
(d) Formal Notice Optional. Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal *967 notice, formal notice shall be given to all interested persons entitled to notice.

Committee Notes
Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice.
Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.

Rule History
1975 Revision: Implements section 731.301, Fla. Stat.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from exparte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new FPR 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.

Statutory References
§ 731.105, Fla. Stat. In rem proceeding.
§ 731.201(16) and (20), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice; method and time; proof.
§ 733.203, Fla. Stat. Notice; when required.
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.613, Fla. Stat. Personal representative's right to sell real property.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 744.106, Fla. Stat. Notice and virtual representation.
§ 744.331(4), Fla. Stat. Adjudication of persons mentally or physically incompetent; procedure.
§ 744.337, Fla. Stat. Notice of hearing.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.477, Fla. Stat. Proceedings for removal.
Ch. 48, Fla. Stat. Process and service of process.
Ch. 49, Fla. Stat. Constructive service of process.
§ 1.01(3), Fla. Stat. Definitions.

Rule References
FPR 5.025 Adversary proceedings.
FPR 5.030 Attorneys.
FPR 5.041 Service of pleadings and papers.
FPR 5.042 Time.
FPR 5.180 Waiver and consent.
FPR 5.550 Petition to determine incapacity.
FPR 5.560 Petition for appointment of guardian; notice.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.Civ.P. 1.070 Process.
Fla.R.Civ.P. Form 1.902 Summons.

RULE 5.050. TRANSFER OF PROCEEDINGS
(a) Incorrect Venue. When any proceeding is filed laying venue in the wrong county, the court may transfer the proceeding *968 in the same manner as provided in the Florida Rules of Civil Procedure. Any action taken by the court or the parties before the transfer is not affected because of the improper venue.
(b) Domicile change, Incompetent Change of Residence of Ward. When the domicile residence of an incompetent a ward is changed to another county, the guardian of the person of the incompetent may shall have the venue of the guardianship changed to the county of the acquired domicile residence.

Committee Notes
Subdivision (b) of this rule represents a rule implementation of the procedure found in section 744.202(3), Florida Statutes.

Rule History
1975 Revision: Same as § 733.101(3), Fla. Stat.
1977 Revision: Title changed to indicate that the rule is one dealing with transfer.
1988 Revision: Prior rule renumbered as (a). New (b) is rule implementation of procedure in § 744.202(2), Florida Statutes. Editorial changes. Committee notes expanded. Citation form changes in rule and committee notes.
1991 Revision: Editorial changes.

Statutory References
§ 733.101, Fla. Stat. Venue of probate proceedings.
§ 744.202, Fla. Stat. Venue.

Rule References
FPR 5.200(b)(4) Petition for administration.
FPR 5.240(b)(2), (d) Notice of administration.

RULE 5.240. NOTICE OF ADMINISTRATION
(a) Publication and Service. After issuance of letters, the personal representative shall publish a notice of administration and promptly serve a copy of the notice in the manner provided for formal notice in these rules on the surviving spouse and all beneficiaries known to the personal representative who have not been barred by law. Service upon creditors shall be in the manner provided for informal notice. Within 2 months after the first publication of notice of administration the personal representative shall serve a copy of the notice on all persons having claims or demands against the estate whose name and location or address are known to or reasonably ascertain able by the personal representative. No such notice need be served on a creditor who has filed a claim in the proceedings or whose claim has been included in a personal representative's proof of claim filed in the proceedings, or on a creditor whose claim has been paid.
(b) Contents. The notice shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and his attorney, and date of first publication. The notice shall require all interested persons to file with the court, within the time provided by law:
(1) all claims against the estate; and
(2) any objection by an interested person on whom notice was served that challenges the validity of the will, the qualifications of the personal representative, and the venue or jurisdiction of the court.
(c) Method of Publication and Proof. Publication shall be made as required by law. Proof of publication shall be filed with the court within 45 days of the first publication.
(d) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of a personal representative. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
(e) Statement Regarding Creditors. Within four months after the date of the first publication of notice of administration, the personal representative shall file a verified statement that he has made diligent search to ascertain the names and location *969 or mailing addresses of persons having claims or demands against this estate. Such statement shall also contain the following information as to all such persons who have not filed a timely claim or who have not had their claim included in a personal representative's proof of claim filed in the proceedings:
(1) the name and, if known, the address of such person;
(2) an indication whether such person has been served with a notice of administration or otherwise received actual notice of the proceedings.

Committee Notes
It is the committee's opinion that the failure to timely file the proof of publication of the notice of administration shall not affect time limitations for filing claims or objections.
On April 19, 1988, the United States Supreme Court decided Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565. This case will have substantial impact on the method for handling (and barring) creditors' claims. This case stands for the proposition that a creditor may not be barred by the usual publication if that creditor was actually known to or reasonably ascertainable by the personal representative, and the PR failed to give notice to the creditor by mail or other means as certain to ensure actual notice. Less than actual notice in these circumstances would deprive the creditor of his due process rights under the 14th Amendment to the U.S. Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a patient) without notice of the institution of probate proceedings is not sufficient.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.

Rule History
1977 Revision: Former subdivision (c) is deleted as being substantive rather than procedural.
1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of section 733.702, Florida Statutes.
Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (a) modified to make it consistent with recent changes to sections 733.212 and 733.702, Florida Statutes. Those statutes were amended to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). For the same reason, subdivision (e) was eliminated.

Statutory References
§ 731.111, Fla. Stat. Notice to creditors.
§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
*970 § 733.305, Fla. Stat. Trust companies and other corporations and associations.
§ 733.702, Fla. Stat. Limitations on presentation of claims.
§ 733.703, Fla. Stat. Form and manner of presenting claim.
§ 733.704, Fla. Stat. Amendment of claims.
§ 733.705, Fla. Stat. Payment of and objection to claims.
§ 733.708, Fla. Stat. Compromise.

Rule References
FPR 5.025 Adversary proceedings.
FPR 5.180 Waiver and consent.
FPR 5.270 Revocation of probate.
FPR 5.440 Proceedings for removal.
FPR 5.490 Form and manner of presenting claim.
FPR 5.520 Family administration.

RULE 5.495. PETITION TO EXTEND TIME FOR FILING CLAIM
If a creditor of the estate files a petition to extend the time for filing a claim, after the time allowed by law for presenting claims, or a petition to require payment of claim, which claim was filed after the time allowed by law for presenting claims, and the petition alleges that the creditor was known to or reasonably ascertainable by the personal representative, but was not served with a copy of the notice of administration, such petition shall specifically allege facts showing that such creditor was known to or reasonably ascertainable by the personal representative. It shall also include a verified statement alleging either (i) the creditor did not have actual knowledge of those matters relating to creditors' claims required to be set forth in the notice of administration during the period allowed for filing claims against the estate, or (ii) facts sufficient to obtain relief under Florida Rule of Civil Procedure 1.540(b).

Committee Notes

Rule History
1988 Revision: New rule.
1991 Revision: The right to petition for an extension of time to file a claim is set forth in section 733.702, Florida Statutes, as recently amended. This rule, therefore, is no longer necessary.

RULE 5.540. HEARINGS
(a) Application. All hearings under chapter 744, Florida Statutes, shall be open unless the alleged incapacitated person or adjudicated ward elects to have the hearing closed.
(b) Election. An election to close a hearing may be made before the hearing by filing a written notice. Subject to the court's approval, an election to close or reopen a hearing may be made at any time during the hearing by oral or written motion.

Committee Notes
This is a new rule permitting an alleged incapacitated person, or adjudicated ward, the election to have all hearings open or closed at any time by oral or written election.

Rule History
1991 Revision: New rule.

Statutory Reference
§ 744.1095, Fla. Stat. Hearings.

RULE 5.541. RECORDING OF HEARINGS
Electronic or stenographic recordings shall be made of all hearings on:
(a) appointment of a guardian;
(b) adjudication of incapacity;
(c) modification, termination, or revocation of the adjudication of incapacity; or
(d) restoration of capacity.

Committee Notes
This is a new rule. It represents a rule implementation of the procedure found in sections 744.109 and 744.3031, Florida Statutes. It is not intended to change the effect of the statutes from which it is derived, or to create a new procedure or modify an existing procedure.

Rule History
1991 Revision: New rule.

Statutory References
§ 744.109, Fla. Stat. Records.
*971 § 744.3031, Fla. Stat. Emergency temporary guardianship.

Rule Reference
FPR 5.610 Execution by guardian.

RULE 5.550. PETITION TO DETERMINE INCAPACITY
(a) Contents. The petition to determine incapacity shall be verified by the petitioner, who must be an adult resident of this state, and shall state:
(1) state the name, age, and present address of the petitioner and the petitioner's relationship to the alleged incapacitated person;
(2) state the name, age, county of residence, and present address of the alleged incapacitated person, and specify the primary language spoken by the alleged incapacitated person, if known;
(3) allege that the petitioner believes the alleged incapacitated person to be incapacitated and specify, the facts on which such belief is made based, and the names and addresses of all persons known to the petitioner who have knowledge of such facts through personal observation;
(4) the name and address of the alleged incapacitated person's attending or family physician, if known;
(4) (5) state which of the rights enumerated in F.S. 744.3215 the alleged incapacitated person is incapable of exercising; and to the best of the petitioner's knowledge; and, if the petitioner has insufficient experience to make that judgment, the petitioner shall so indicate;
(5) (6) state whether plenary or limited guardianship is sought for the alleged incapacitated person,; and
(7) the names, relationships, and addresses of the next of kin of the alleged incapacitated person, specifying the dates of birth of any who are minors, to the extent known to the petitioner.
(b) Petition for Appointment of Guardian. The petition to determine incapacity must be accompanied by a petition for appointment of a guardian and may be accompanied by a petition for appointment of an emergency temporary guardian.

(c) (b) Notice.
(1) Contents of Notice. The N notice of the filing of a the petition to determine incapacity must shall state:
(A) the time and place of the hearing to inquire into the capacity of the alleged incapacitated person to exercise the rights enumerated in the petition ;
(B) that an attorney will be has been appointed to represent him such person,; and
(C) that if he is determined to be the court determines that such person is incapable of exercising certain any of the rights, enumerated in the petition a guardian will may be appointed to exercise those rights on his behalf.
(2) Formal Notice Service on Alleged Incapacitated Person. Formal notice for purposes of this rule means personal service The notice and a copy of the petition to determine incapacity shall be personally served by an elisor appointed by the court, who may be the court appointed counsel for the alleged incapacitated person. The notice must be read to the alleged incapacitated person. The elisor shall read the notice to the alleged incapacitated person, but need not read the petition. A return of service shall be filed by the person serving elisor certifying that the notice and petition have been served on and the notice read to the alleged incapacitated person. No responsive pleading is required and no default may be entered for failure to file a responsive pleading. The allegations of the petition are deemed denied.
(3) Informal Notice Service on Others. Informal notice as defined in FPR 5.040(b) must also be given to A copy of the petition and the notice shall also be served on counsel for the alleged incapacitated person, and upon on all next of kin, wherever they are. The petition to determine incapacity must be served with the notice.

Committee Notes

Rule History
1980 Revision: Implements 1979 amendments to section 744.331, Florida Statutes.
*972 1984 Revision: Change in title of rule. Editorial changes and adds a provision for service of petition. Committee notes revised.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1989 Revision by Ad Hoc Committee: The committee realized that formal notice as defined in rule 5.040(a)(1) requires the recipient of notice to file a responsive pleading within 20 days after the service of the notice. The committee believed that to impose such a requirement on the alleged incapacitated person would contravene the legislative intent of the 1989 revisions to chapter 744, Florida Statutes. The committee observed that the time required for appointment of mandatory appointed counsel might render a responsive pleading within 20 days impossible for the alleged incapacitated person. The committee concluded that, procedurally, notice upon the alleged incapacitated person should occur in the same manner as formal notice in rule 5.040, but the required response under that rule should not be imposed upon the alleged incapacitated person.
1991 Revision: Implements 1989 amendments to sections 744.3201 and 744.331, Florida Statutes, and 1990 technical amendments.

Statutory References
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040(a)(3) Notice.
FPR 5.800(a) Application of revised chapter 744 to existing guardianships.

RULE 5.555. GUARDIANSHIPS OF MINORS
(a) Application. This rule shall apply to any guardianship for a minor.
(b) Petition to Determine Incapacity. No petition to determine incapacity need be filed.
(c) Petition for Appointment of Guardian. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner's residence and post office address;
(3) the name, age, social security number, and residence and post office address of the minor;
(4) the names and addresses of the parents of the minor and if none, the next of kin known to the petitioner;
(5) the name, social security or tax identification number, and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve; or, that a willing and qualified guardian has not been located;
(6) the proposed guardian's relationship to and any previous association with the minor;
(7) the reasons why the proposed guardian should be appointed; and
(8) the nature and value of the property subject to the guardianship.
(d) Notice. Formal notice of the petition for appointment of guardian shall be served on any parent who is not a petitioner or, if there is no parent, on the persons with whom the minor resides and on such other persons as the court may direct.
(e) Initial and Annual Guardianship Reports.
(1) The initial guardianship report shall consist only of the verified inventory. The annual guardianship report shall consist only of the annual accounting.
(2) Unless otherwise ordered by the court, the guardian need not file an initial or annual guardianship plan.
(3) Unless otherwise ordered by the court, the guardian need not serve a copy of the initial guardianship report and the annual guardianship reports on the ward if the ward is under the age of 14 years.
*973 (f) Inspection of Inventory or Accounting. Unless otherwise ordered by the court for good cause shown, any inventory, amended or supplementary inventory, or accounting is subject to inspection only by the clerk, the ward or the ward's attorney, and the guardian or the guardian's attorney.

Committee Notes
The provisions of chapter 744 and the guardianship rules enacted in 1989 leave some uncertainty with respect to the procedural requirements in guardianships for minors who are not incapacitated persons. This rule is intended to address only certain procedures with respect to the establishment and administration of guardianships over minors. The committee believes that certain provisions of the guardianship law and rules apply to both guardianships of minors as well as guardianships of incapacitated persons and no change has been suggested with respect to such rules.

Rule History
1991 Revision: New rule adopted to apply to guardianships over minors who are not incapacitated persons.

Statutory References
§ 744.334, Fla. Stat. Petition for appointment of guardian; contents.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3371(2), Fla. Stat. Notice of petition for appointment of guardian and hearing.

Rule References
FPR 5.040 Notice.
FPR 5.560 Petition for appointment of guardian; notice.
FPR 5.620 Inventory.
FPR 5.690 Initial guardianship report.

RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON ; NOTICE
(a) Contents. The petition for appointment of guardian shall be verified by the petitioner and shall state:
(1) allege the facts to establish venue;
(2) state the petitioner's residence and post office address;
(3) state the name, age, social security number, and residence and post office address of the alleged incapacitated person;
(4) allege the nature of the incapacity, and state the extent of guardianship, either limited or plenary, requested for the alleged incapacitated person, and the nature and value of property subject to the guardianship;
(5) state the names and addresses of the next of kin of the alleged incapacitated person, if known to the petitioner;
(6) state the name, social security or tax identification number, and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve, pursuant to the qualifications enumerated in F.S. 744.309 or, if that a willing and qualified guardian cannot be has not been located, state this fact in the petition;
(7) identify the proposed guardian's relationship to and any previous connection of the proposed guardian to association with the alleged incapacitated person; and
(8) state the reasons why the proposed guardian should be appointed.
(b) Considerations in Appointment. The court may appoint any person who is fit and proper and qualified to serve pursuant to F.S. 744.309 and who meets the court's considerations in appointment pursuant to F.S. 744.312.
(c) (b) Notice. Notice of filing of a the petition for appointment of guardian must occur contemporaneously with and in the same manner as may be served as a part of the notice of filing of a the petition to *974 determine incapacity as described in FPR 5.550.
(1) A copy of the petition and notice of hearing shall be served on the minor's parents if the petition alleges that the incompetent is a minor and the petitioner is not a parent. If a parent of the minor is the petitioner or proposed guardian, a copy of the petition and notice of hearing shall be served on the minor's other parent, if living.
(2) (c) Service on Public Guardian. If the petitioner requests appointment of the public guardian, a copy of the petition and the notice of the hearing thereon shall be served on the public guardian.

Committee Notes

Rule History
1975 Revision: Substantially the same as section 744.334, Florida Statutes, expanded to include provisions of section 744.302, Florida Statutes, and section 744.312, Florida Statutes, by reference.
1977 Revision: Change in committee notes to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.334, Florida Statutes.
1984 Revision: Combines FPR 5.560 and part of prior FPR 5.570. Editorial changes and committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1989 Revision by Ad Hoc Committee: Subdivision (a)(4) of the former rule has been deleted altogether because the date and court of adjudication will probably not be known at the time of filing the petition for the appointment since petition for appointment will henceforth be filed contemporaneously with the petition to determine incapacity.
1991 Revision: Implements 1989 amendments to sections 744.334 and 744.331(1), Florida Statutes, and 1990 technical amendments. Subdivision (c)(1) deleted because FPR 5.555(d) addresses service on parents.

Statutory References
§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.312, Fla. Stat. Considerations in appointment of guardian.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.334, Fla. Stat. Petition for appointment of guardian; contents.
§ 744.3371(1), Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.341, Fla. Stat. Voluntary guardianship.
§ 744.344, Fla. Stat. Order of appointment.
§ 744.703, Fla. Stat. Office of public guardian; appointment, notification.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040 Notice.
FPR 5.550 Petition to determine incapacity.

RULE 5.590. APPLICATION FOR APPOINTMENT AS GUARDIAN; DISCLOSURE STATEMENT
The application for appointment as guardian pursuant to F.S. 744.3125 shall be filed before the court issues letters of guardianship.
(a) Individual Applicants. The application for appointment shall contain:
(1) the applicant's qualifications to serve as a guardian; and
(2) the names of all wards for whom the applicant is then acting as guardian, the court file number and circuit court in which each case is pending, and a statement as to whether the applicant is acting as a limited or plenary guardian of the person or property, or both, of each ward.
(b) Nonprofit Corporate Guardians.
(1) Contents. A disclosure statement shall contain:
(A) the corporation's qualifications to serve as a guardian; and
(B) the names of all wards for whom the corporation is then acting as guardian, the court file number and circuit court in which *975 each case is pending, and a statement as to whether the corporation is acting as a limited or plenary guardian of the person or property, or both, of each ward.
(2) Filing. The disclosure statement of a nonprofit corporate guardian shall be filed quarterly with the clerk of the court for each circuit in which the corporation has been appointed, or is seeking appointment, as guardian.
(c) Corporations and Associations With Trust Powers. No application for appointment or disclosure statement shall be required of any corporation or association with trust powers under Florida law, except nonprofit corporate guardians.
(d) Public Guardians. No application for appointment or disclosure statement shall be required of a public guardian.

Committee Notes

Rule History
1988 Revision: Prior rule deleted; text of rule moved to FPR 5.650.
1989 Revision: Rule reactivated with different title and text.
1991 Revision: Implements 1989 and 1990 amendments to section 744.3125, Florida Statutes.

Statutory References
§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.3125, Fla. Stat. Application for appointment.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.

RULE 5.600. OATH
Every guardian or temporary emergency guardian shall take an oath to perform faithfully the duties of guardian or temporary emergency guardian before exercising such authority. The oath may be incorporated in the petition for appointment of guardian, or petition for appointment of emergency temporary guardian, if verified by the prospective guardian individually.

Committee Notes

Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering. Rule permits oath of guardian to be incorporated in petition for appointment and in designation of resident agent.
1984 Revision: Editorial change and deletes genders.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Permits oath to be incorporated in application for appointment of guardian, adds reference to temporary emergency guardian, and makes editorial change.

Statutory Reference
§ 744.347, Fla. Stat. Oath of guardian.

RULE 5.610. EXECUTION BY GUARDIAN
The guardian shall sign the:
(1) initial guardianship report, due within 60 days of appointment, and the annual financial returns;
(2) initial and annual reports, and final accounting;
(3) petition for approval of resignation and for order of discharge; and
(4) any petition for court approval required by F.S. 744.441.
(a) initial guardianship plan;
(b) inventory, amended inventory, or supplemental inventory;
(c) annual guardianship plan;
(d) annual accounting;
(e) guardian's petition for court approval required by law;
(f) petition for discharge;
(g) final report; and
(h) resignation of guardian.

Committee Notes

Rule History
1975 Revision: Rule lists what guardian shall sign and includes any petition for court approval required by section 744.441, Florida Statutes. The rule requires that the guardian have actual knowledge of the more important steps and acts of administration.
*976 1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in rule and committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Changes to conform to 1989 and 1990 revisions to guardianship law. Adds additional documents to be signed by the guardian. Statutory references added.

Statutory References
§ 744.3215, Fla. Stat. Rights of persons determined incapacitated.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.387, Fla. Stat. Settlement of claims.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.451, Fla. Stat. Order.
§ 744.467, Fla. Stat. Resignation of guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.527(1), Fla. Stat. Final reports and application for discharge; hearing.
§ 744.534, Fla. Stat. Disposition of unclaimed funds by guardian.

RULE 5.620. INITIAL GUARDIANSHIP REPORT: VERIFIED INVENTORY AND INITIAL GUARDIANSHIP PLAN
(a) Filing and Service. Within 60 days after appointment, a guardian shall file with the court an initial guardianship report consisting of both a verified inventory and an initial guardianship plan. The initial report shall be served on the ward and the ward's appointed attorney, either of whom may request hearing concerning the adequacy of the report.
(b) Contents of Verified Inventory. The verified inventory must include;
(1) a listing of all property of the ward, real and personal, that has come into the guardian's possession or knowledge, including a statement of all encumbrances, liens, and other secured claims on any item, any claims against the estate, and any cause of action on which the ward has a right to sue;
(2) a description of the location of real and personal property sufficient to clearly identify its place;
(3) a description of all sources of periodic income, including, without limitation, social security benefits and pensions; and
(4) a copy of the most current statement of all of the ward's cash assets from all institutions where the cash is on deposit.
(c) Safe Deposit Box Inventory. If the ward has a safe deposit box, an inventory of the contents of the box must be included in the initial inventory. The inventory must be conducted according to the procedures outlined in F.S. 744.365(4).
(d) Substantiating Papers. The guardian must maintain all substantiating papers and records sufficient to demonstrate the accuracy of initial and annual inventories for a period of 3 years after discharge and keep those papers available for inspection and review.
(e) Appraisals. When the court deems it necessary, appraisers may be appointed to *977 appraise any property of the ward. The appraisal, if endorsed by the guardian, may be considered an inventory of that part of the estate so appraised.
(a) Inventory. Within 60 days after issuance of letters, the guardian of the property shall file a verified inventory as required by law. All property not in the guardian's possession as of the date the inventory is filed shall be so identified.
(b) Amended or Supplemental Inventory. If the guardian of the property learns of any property not included in the inventory, or learns that the description in the inventory is inaccurate, the guardian shall, within 30 days of this discovery, file a verified amended or supplemental inventory showing the change.
(c) Substantiating Papers. Unless ordered by the court, the guardian need not file the papers substantiating the inventory. Upon reasonable written request, the guardian of the property shall make the substantiating papers available for examination to those persons entitled to receive or inspect the inventory.
(d) Safe Deposit Box Inventory. If the ward has a safe deposit box, a copy of the safe deposit box inventory shall be filed as part of the verified inventory.

Committee Notes

Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Change to require inventory to be filed within 60 days after issuance of letters, rather than after appointment. Committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Former FPR 5.620(b) has been deleted as partly substantive and addressed in section 744.381, Florida Statutes, and the procedural part is unnecessary.
The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. The committee believes this provision, which attempts to regulate when a paper must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment. Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.

Statutory References
§ 199.062(4), Fla. Stat. Annual tax information reports.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.3701, Fla. Stat. Inspection of report.
§ 744.381, Fla. Stat. Appraisals.
§ 744.384, Fla. Stat. Subsequently discovered or acquired property.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.041 Service of pleadings and papers.
FPR 5.060 Request for notices and copies of pleadings.
FPR 5.610 Execution by guardian.
FPR 5.690 Initial guardianship report.
FPR 5.700 Objection to guardianship reports.

RULE 5.630. PETITION AND NOTICE FOR APPROVAL OF ACTS
(a) Petition Contents. When authorization or confirmation of any act of the guardian is required pursuant to F.S. 744.441 or F.S. 744.444, where a limited guardian has not been delegated a particular power listed therein by prior court order, application shall be made by verified petition of the guardian stating the facts showing:
(1) whether the act conforms to the general terms of the guardianship plan and whether the ward has been adjudicated incapacitated *978 with respect to the rights to be exercised;
(2) (1) the expediency or necessity for the action;
(3) (2) a description of any property involved; and
(4) (3) the price and terms of a any sale, mortgage, or other contract.;
(4) whether the ward has been adjudicated incapacitated to act with respect to the rights to be exercised; and
(5) whether the action requested conforms to the guardianship plan.
(b) Notice. No notice of a petition to authorize sale of perishable personal property or of property rapidly deteriorating shall be required. Notice of a petition to perform any other acts under F.S. 744.441 or F.S. 744.446 requiring a court order shall be given to the ward, to the next of kin, if any, and to those interested persons who have filed requests for notices and copies of pleadings as required elsewhere in these rules.
(c) Order After the hearing upon the petition,
(1) i If the act is authorized or confirmed, the order shall describe the property, if a sale or mortgage is authorized, and permitted act and authorize the guardian to perform it or confirm its performance.
(1) if the property is authorized for sale at private sale, the order shall fix the price and the terms of the sale, or
(2) if the sale is to be public, the order shall state that the sale shall be made to the highest bidder and the court reserves the right to reject all bids.
(2) If a sale or mortgage is authorized or confirmed, the order shall describe the property. If a sale is to be private, the order shall specify the price and the terms of the sale. If a sale is to be public, the order shall state that the sale shall be made to the highest bidder and that the court reserves the right to reject all bids.
An order for any other act requiring a court order shall describe the permitted act and authorize the guardian to perform it or confirm its performance.

Committee Notes

Rule History
1975 Revision: Substantially the same as sections 744.503, 744.447, and 744.451, Florida Statutes, with editorial changes.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.447(2), Florida Statutes.
1988 Revision: Editorial changes; captions added to subdivisions. Committee notes revised. Citation form changes in rule and committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Changes to conform to 1989 revised guardianship law.

Statutory References
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.451, Fla. Stat. Order.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.025 Adversary proceedings.
FPR 5.040 Notice.
FPR 5.041 Service of pleadings and papers.
FPR 5.060 Request for notices and copies of pleadings.

RULE 5.635. PETITION FOR EXTRAORDINARY AUTHORITY
(a) Contents. When authorization for extraordinary authority is sought as permitted by law, application shall be made by verified petition stating:
(1) the petitioner's interest in the proceeding;
(2) the specific authority requested; and
(3) the facts constituting the basis for the relief sought and that the authority being requested is in the best interest of the ward.
*979 (b) Notice.
(1) The petition shall be served by formal notice. For good cause shown, the court may shorten the time for response to the formal notice and may set an expedited hearing.
(2) The petition shall be served on the guardian of the person, if the guardian is not the petitioner, the ward, the next of kin, if any, those interested persons who have filed requests for notices and copies of pleadings, and such other persons as the court may direct.
(c) Hearing. The hearing shall be at a time and place that will enable the ward to express the ward's views to the court.

Committee Notes

Rule History
1991 Revision: New rule.

Statutory Reference
§ 744.3725, Fla. Stat. Procedure for extraordinary authority.

RULE 5.640. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE OF WARD
(a) Continuance of Business. When the ward is adjudicated incapacitated while engaged in any unincorporated business or venture, the court may authorize the guardian to continue the business or venture for a reasonable time under the supervision of the court.
(b) Petition. Before an order is made under paragraph subdivision (a), the guardian shall file a verified petition, alleging sufficient facts to make it appear that it is in the best interest of the ward's estate to continue the business or venture.
(c) Order. The order authorizing the continuance of the business or venture may empower the guardian to make contracts necessary to conduct the business or venture and to incur debts and pay out money in the proper conduct of the business or venture. The net profits only of the business or venture are to be added to the assets of the ward's estate.
(d) Accounts and Reports. In the conduct of the business or venture, the guardian shall keep full and accurate accounts of all receipts and expenditures and make reports as the court requires.
(e) Discontinuance of Business. Any person interested in the ward's estate, may at any time, may petition the court for an order requiring the guardian to discontinue and to wind up the business or venture, and the court, after notice to the guardian, shall enter such order thereon as is in the best interest of the ward's estate.

Committee Notes

Rule History
1975 Revision: Implements section 744.441(16), Florida Statutes. The rule is patterned after FPR 5.350 pertaining to the continuation of a business of a decedent by a personal representative.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Change in title of rule; captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Editorial changes in (a), (b), and (e).

Statutory References
§ 744.441(13), Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.

Rule Reference
FPR 5.350 Continuance of unincorporated business or venture.

RULE 5.650. RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR
(a) Resignation. A guardian may petition for approval of his resignation. The order shall relieve him of his guardianship duties and obligations after notice as the court may require and notice to the surety on his bond. Before entry of the order, the guardian shall file an accounting and deliver to the successor guardian the property of the ward and all records. The court shall be satisfied that the interest of the *980 ward will not be placed in jeopardy by the resignation before entering the order. The acceptance of the resignation shall not exonerate the guardian or his surety from any liability previously incurred.
(b) Disqualification. Any guardian who is improperly qualified, or who becomes disqualified to act after his appointment, shall immediately present his resignation to the court, and shall do any and all other things necessary or proper to procure an order approving such resignation, and if he does not do so, he shall be removed as provided by law and these rules.
(c) Successor Guardian. A successor guardian must be appointed and duly qualified before a guardian shall be relieved of his duties and obligations. A successor guardian shall be appointed if a guardian dies or becomes incapacitated.
(a) Resignation and Petition for Discharge. A guardian seeking to resign shall file a resignation and petition for discharge.
(b) Contents. The resignation and petition for discharge shall state:
(1) that the guardian wishes to resign and be relieved of all duties as guardian;
(2) the amount of compensation to be paid to the guardian and to the attorneys, accountants, or other agents employed by the guardian; and
(3) the names and addresses of the successor guardian and the successor guardian's attorney, or that a successor guardian has not yet been appointed or duly qualified.
(c) Final Report. A resigning guardian of the property shall file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated costs and fees, and other relevant financial information from the date of the previous annual accounting, and a list of assets to be turned over to the successor guardian.
(d) Notice. A notice shall be served stating that:
(1) any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based;
(2) any objection to the resignation, petition for discharge, or final report shall be filed within 30 days from the date of service of the petition for discharge; and
(3) within 90 days after filing of the objection, a notice of hearing thereon shall be served or the objection is abandoned.
(e) Service. A copy of the resignation, petition for discharge, final report, and notice of resignation and petition for discharge shall be served on the ward, any surety on the guardian's bond, any successor guardian, and such other persons as the court may direct.
(f) Objections. Objections shall be in the form and be filed within the time set forth in the notice of resignation and petition for discharge. A copy of the objections shall be served by the objector on the ward, all guardians, any surety on the guardian's bond, and any successor guardian.
(g) Disposition of Objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be served on the guardian, the successor guardian, if any, and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned.
(h) Discharge. The guardian's resignation shall not be accepted and the guardian shall not be discharged until all objections have been withdrawn, abandoned, or judicially resolved and a successor guardian has been appointed and duly qualified. After all objections have been withdrawn, abandoned, or judicially resolved, if the court is satisfied that the resigning guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the resigning guardian of the property has delivered the assets of the ward, all guardianship records, and all money due to the ward from the guardian to the remaining or successor guardian, the court shall enter an order accepting resignation of guardian and granting discharge.
*981 (i) Waiver. The successor guardian, and any other interested person, may in writing waive:
(1) any portion of the resignation and petition for discharge, including the final report;
(2) the time for filing objections;
(3) service of the resignation and petition for discharge; and
(4) service of the notice of resignation and petition for discharge.
(j) Disqualification. Any guardian who is improperly appointed, or who becomes disqualified to act after appointment, shall immediately file a resignation and petition for discharge and proceed in accordance with this rule.
(k) Nonresident Guardians. Nonresident guardians appointed before October 1, 1989, shall not be automatically disqualified to serve and shall not be required to resign and initiate their own removal.

Committee Notes

Rule History
1975 Revision: Substantially the same as sections 744.467 and 744.471, Florida Statutes, with editorial changes.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes in (a). Text of FPR 5.590 inserted in (b). Editorial change in (c). Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for termination of guardianship under FPR 5.670 and 5.680. Subdivision (k) transferred from Temporary Emergency Rule 5.800.

Statutory References
§ 744.467, Fla. Stat. Resignation of guardian.
§ 744.471, Fla. Stat. Appointment of successor.

Rule Reference
FPR 5.040 Notice.
FPR 5.041 Service of pleadings and papers.
FPR 5.180 Waiver and consent.

RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) Notice. Proceedings for removal of a guardian may be instituted by a court, by any surety or other interested person, or by the ward, and formal notice of the petition for removal of a guardian shall be served by formal notice on all guardians, and other interested persons, including any next of kin, and the ward. The pleading shall state with particularity the reasons why the guardian should be removed.
(b) Accounting. A removed guardian shall file with the successor guardian, the ward, and the court an accounting of his for the guardianship within 20 days after his the guardian's removal. A copy of the accounting shall be served on the successor guardian and the ward.
(c) Transfer of Property and Records. The successor guardian shall, and the ward may, demand of the removed guardian or his heirs, personal representative, or surety all the property of the ward in the removed guardian's control and all records with all money due the ward by him. The removed guardian or his heirs, personal representative, or surety shall turn over the items to his duly qualified successor, The removed guardian (or the guardian's heirs, personal representative, or surety) shall turn over all the property of the ward in the removed guardian's control and all guardianship records to the duly qualified successor. The successor guardian shall, or the ward may, demand of the removed guardian (or the guardian's heirs, personal representative, or surety) all of those items.
(d) Failure to Comply. If a removed guardian fails to file a true, complete, and final accounting of his for the guardianship, or to turn over to his the successor or to the ward all property of his the ward in the removed guardian's control and all guardianship records that are in his control and that concern the ward, or to pay over *982 to the successor guardian or to the ward all money due the ward by him, the court shall issue a show-cause order. If cause is shown for the default, the court shall set a reasonable time within which to comply, and, on failure to comply with this or any subsequent order, the removed guardian may be held in contempt. Proceedings for contempt may be instituted by the court, by an interested person, the ward, or by a successor guardian.

Committee Notes

Rule History
1977 Revision: No change in rule. Change in committee notes to conform to statutory renumbering.
1980 Revision: Subdivision (a) amended to specifically authorize any guardian or next of kin to file the petition and to require formal notice in conformity with FPR 5.630(b).
1984 Revision: Subdivision (b) amended to conform to statute. Editorial changes and committee notes revised.
1988 Revision: Subdivision (a) rewritten for clarity. Language in (b) deleted as surplusage. Editorial change in caption of (c). Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Subdivision (a) amended to require that the petition allege specific reasons why the guardian should be removed and to require service of the petition on the ward. Otherwise, editorial changes in all subdivisions.

Statutory References
§ 744.474, Fla. Stat. Reasons for removal of guardian.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.514, Fla. Stat. Surrender of property upon removal.
§ 744.517, Fla. Stat. Proceedings for contempt.

Rule References
FPR 5.025 Adversary proceedings.
FPR 5.040 Notice.
FPR 5.041(b) Service of pleadings and papers.

RULE 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a) Change of Domicile. When the domicile of a resident ward has been changed to a foreign state and the foreign court having jurisdiction over the ward at his new domicile has appointed a guardian of the property of the ward and the guardian has qualified and posted a bond in an amount required by the foreign court, the Florida guardian of the property of the ward may file his final accountings and close the Florida guardianship.
(b) Publication of Notice. The Florida guardian of the property shall publish a notice once a week for two consecutive weeks in a newspaper of general circulation published in the county in which he has filed his accountings, that any objections should be filed within 30 days, and that application for discharge will be made on a day certain and that jurisdiction of the ward will be transferred to the state of foreign jurisdiction.
(c) Objections. If an objection is filed, the court shall hear the objection and enter such orders as appropriate.
(d) Distribution and Discharge. On filing proof that the remaining assets in the guardianship have been received by the foreign guardian, the Florida guardian shall be discharged.
(a) Petition for Discharge. The Florida guardian may file a petition for discharge when the domicile of a resident ward has changed to a foreign jurisdiction, the foreign court having jurisdiction over the ward at the ward's new domicile has appointed a foreign guardian, and the foreign guardian has qualified and posted a bond in the amount required by the foreign court.
(b) Contents of Petition. The petition for discharge shall state:
*983 (1) that the grounds set forth in subdivision (a) have occurred;
(2) that the guardian has fully administered the Florida guardianship; and
(3) the amount of compensation to be paid to the guardian and to the attorneys, accountants, or other agents employed by the guardian.
(c) Final Report. The Florida guardian of the property shall file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated costs and fees, and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the foreign guardian.
(d) Notice. The Florida guardian of the property shall publish a notice as required by law, which shall state:
(1) the name of the ward;
(2) the file number of the guardianship;
(3) the designation and address of the court;
(4) the name and address of the guardian and the guardian's attorney;
(5) the name and address of the foreign guardian and the foreign guardian's attorney, if any;
(6) the date of first publication;
(7) that a petition for discharge has been filed upon the grounds of change of domicile of the ward;
(8) the date the guardian will apply for discharge;
(9) that the jurisdiction of the ward will be transferred to the foreign jurisdiction;
(10) that any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based;
(11) that any objection to the final report or the petition for discharge shall be filed within the later of 30 days from the date of service of the petition for discharge or the date of first publication of the notice; and
(12) that within 90 days after filing of the objection, a notice of hearing thereon shall be served or the objection is abandoned.
(e) Service. A copy of the petition for discharge and of the notice of petition for discharge shall be served on the foreign guardian and such other persons as the court may direct.
(f) Objections. Objections shall be in the form and be filed within the time set forth in the notice of petition for discharge. A copy of the objections shall be served by the objector on the Florida guardian and the foreign guardian.
(g) Disposition of Objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be served on the Florida guardian, the foreign guardian, and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned.
(h) Discharge. The Florida guardian may not be discharged until all objections have been withdrawn, abandoned, or judicially resolved. After all objections have been withdrawn, abandoned, or judicially resolved, if the court is satisfied that the Florida guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the Florida guardian of the property has delivered the assets of the ward to the foreign guardian, the court shall enter an order of discharge.
(i) Waiver. The foreign guardian, and any other interested person, may in writing waive:
(1) any portion of the petition for discharge, including the final report;
(2) the time for filing objections;
(3) service of the petition for discharge; and
(4) service of the notice of petition for discharge.

Committee Notes

Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
*984 1984 Revision: Adds 30-day requirement for filing objections. Editorial changes and committee notes revised.
1988 Revision: Editorial change in (c). First and last sentences of (d) deleted and clarifying word added.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of guardian under FPR 5.680 and to conform to section 744.524, Florida Statutes.

Statutory References
§ 744.102(7) and (8), Fla. Stat. Definitions.
§ 744.201, Fla. Stat. Domicile of ward.
§ 744.202, Fla. Stat. Venue.
§ 744.2025, Fla. Stat. Change of ward's residence.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.531, Fla. Stat. Order of discharge.

Rule References
FPR 5.041 Service of pleadings and papers.
FPR 5.180 Waiver and consent.
FPR 5.680 Termination of guardianship.

RULE 5.680 TERMINATION OF GUARDIANSHIP UPON REMOVAL OF WARD'S INCAPACITY, OR DEATH
(a) Termination Procedure. When a ward becomes sui juris or the ward dies or is restored to capacity, or the guardian has been unable to locate the ward through diligent search, the guardian shall file a final return and petition for discharge. The court may require proof of the removal of incapacity.
(b) Final Accounting. When the court terminates the guardianship under this rule, the guardian shall promptly file his final accounting. If no objections are filed and if it appears that the guardian has made full and complete distribution of the ward's assets to the person entitled to them and has otherwise faithfully discharged his duties, the court shall approve the final accounting. If objections are filed, the court shall conduct a hearing in the same manner as provided for a hearing on objections to annual guardianship plans.
(c) Retaining Funds. The guardian applying for a discharge is authorized to retain from the funds in his possession a sufficient amount to pay the final costs of administration, including guardian and attorneys' fees, regardless of the death of the ward accruing between the filing of his final accounting and the order of discharge.
(d) Petition for Discharge. The guardian applying for discharge shall do so by filing a petition for discharge and serving a copy of the petition and notice of hearing on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next of kin of the deceased ward or such persons as the court may direct. The notice of hearing on the petition for discharge shall state a time certain, not less than 30 days after service, when the petition for discharge shall be heard and shall state that objection to the petition for discharge and the final accounting as provided for hereinabove may be filed in the court before the hearing. Any sui juris person entitled to notice and a personal representative may waive the notice and hearing. If any objection is filed, the court shall hear the objection and enter its order thereon.
(e) Order of Discharge. If the court is satisfied that the guardian has faithfully discharged his duties and the interests of the ward are protected and the guardian has rendered a complete and accurate final accounting and has delivered the assets of the ward to the person entitled to them, the court shall enter an order of discharge. The discharge shall operate as a release from the duties of the guardianship and as a bar to any action against the guardian or his surety unless the action is commenced within 3 years from the date of the order.
(a) Petition for Discharge. When the ward has become sui juris, has died, or has been restored to capacity, or when the *985 guardian has been unable to locate the ward after diligent search, or, for a guardian of the property, when the property subject to the guardianship has been exhausted, the guardian shall file a petition for discharge. A guardian of the person is discharged without further proceeding upon filing a certified copy of the ward's death certificate.
(b) Contents of Petition. The petition for discharge shall state:
(1) the reason for termination of the guardianship;
(2) that the guardian has fully administered the guardianship; and
(3) the amount of compensation to be paid to the guardian and to the attorneys, accountants, or other agents employed by the guardian.
(c) Final Report. The guardian of the property shall file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated costs and fees, and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the person entitled to them.
(d) Notice. A notice shall be served stating:
(1) that any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based;
(2) that any objection to the final report or the petition for discharge shall be filed within 30 days from the date of service of the petition for discharge; and
(3) that within 90 days after filing of the objection, a notice of hearing thereon shall be served or the objection is abandoned.
(e) Service. The guardian applying for discharge shall serve a copy of the petition for discharge and final report on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next of kin of the deceased ward, or such other persons as the court may direct; provided, however, that a guardian of the property who is subsequently appointed personal representative shall serve a copy of the petition for discharge and final report on all beneficiaries of the ward's estate.
(f) Objections. All persons served shall have 30 days to file objections to the petition for discharge and final report. The objections shall state with particularity the items to which the objections are directed and shall state the grounds on which the objections are based. Copies of the objections shall be served by the objector on the guardian. Any interested person may set a hearing on the objections. Notice of the hearing shall be served on the guardian and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned. The guardian may not be discharged until all objections have been withdrawn, abandoned, or judicially resolved, and the petition for discharge of the guardian is granted by the court.
(g) Discharge. The guardian may not be discharged until all objections are withdrawn, abandoned, or judicially resolved. After all objections are withdrawn, abandoned, or judicially resolved, and if it appears that the guardian has made full and complete distribution of the ward's assets to the person entitled to them and has otherwise faithfully discharged the duties of the guardian, the court shall grant the petition for discharge and enter an order of discharge. If objections are filed and are not withdrawn, abandoned, or judicially resolved, the court shall conduct a hearing in the same manner as for a hearing on objections to annual guardianship plans. After hearing, if the court is satisfied that the guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the guardian has rendered a complete and accurate final report and has delivered the assets of the ward to the person entitled to them, the court shall enter an order of discharge.
(h) Waiver. Any portion of the petition for discharge, including the final report, or *986 the time for filing of objections may be waived by any interested person.

Committee Notes

Rule History
1975 Revision: Implements sections 744.527 and 744.531, Florida Statutes, and also requires the guardian applying for discharge to do so by filing a petition for discharge and provides the procedure pertaining thereto.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of personal representatives under FPR 5.400 and 5.401.

Statutory References
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.527, Fla. Stat. Final reports and application for discharge; hearing.
§ 744.528, Fla. Stat. Discharge of guardian named as personal representative.
§ 744.531, Fla. Stat. Order of discharge.
§ 744.534, Fla. Stat. Disposition of unclaimed funds held by guardian.

Rule References
FPR 5.040 Notice.
FPR 5.041 Service of pleadings and papers.
FPR 5.180 Waiver and consent.

RULE 5.690. INITIAL GUARDIANSHIP REPORT
(a) Contents and Filing. An initial guardianship report shall be filed within 60 days after the issuance of letters of guardianship. The guardian of the property shall file the initial guardianship report consisting of the verified inventory. The guardian of the person shall file the initial guardianship report consisting of the guardianship plan.
(b) Service. Copies of the initial guardianship report shall be served on the ward and the attorney for the ward, if any. With approval of the court, service on the ward may be accomplished by serving the attorney for the ward.

Committee Notes
The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. The committee believes this provision, which attempts to regulate when a paper must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment. Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.
In the event the guardian of the property and the guardian of the person are not the same entity or person, they shall make a good faith effort to jointly file the initial guardianship report.

Rule History
1991 Revision: New rule.

Statutory References
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.3701, Fla. Stat. Inspection of report.
§ 744.384, Fla. Stat. Subsequently discovered or acquired property.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.041 Service of pleadings and papers.
FPR 5.060 Request for notices and copies of pleadings.
FPR 5.180 Waiver and consent.
FPR 5.610 Execution by guardian.
FPR 5.620 Inventory.
*987 FPR 5.700 Objection to guardianship reports.

RULE 5.690 5.695. ANNUAL GUARDIANSHIP REPORTS
(a) Contents and Filing. The annual guardianship report shall be filed within 30 days after the last day of the anniversary month of the guardian's appointment. The annual guardianship report must include the annual guardianship plan and the annual financial return in compliance with F.S. 744.3675 and F.S. 744.3678, and shall be served on the ward and the ward's attorney, if any. The guardian shall provide a copy to any other person the court may direct.
(b) Substantiating Papers. Substantiating papers shall not be filed with annual financial returns, but pertinent substantiating papers and records shall be available at the trial of objections to the annual financial return section of the annual guardianship report and the guardian shall maintain substantiating papers and records sufficient to demonstrate the accuracy of the annual financial return for a period of 3 years after discharge. These papers must be available for inspection and review at such time and place and before such persons as the court may order.
(c) Waiver. It is not necessary to file an annual financial return when a ward who has become sui juris, or the personal representative of a deceased ward, waives the filing thereof in writing. Notwithstanding a waiver, the court may require the filing of the accounting.
(d) Appearance of Guardian. The court may require every guardian to appear before the court at the time the guardian files his annual return or at such other time as the court determines in order for the court to inquire as to any matter relating to the physical and financial well-being of the ward.
(a) Contents and Filing.
(1) Guardian of the Person. Unless the court requires reporting on a calendar year basis, the guardian of the person shall file with the court an annual guardianship plan within 30 days after the last day of the anniversary month of the guardian's appointment. The plan must cover the year ending on the last day of such anniversary month. If the court requires reporting on a calendar year basis, the guardianship plan shall be filed on or before January 31 of the following year.
(2) Guardian of the Property. Unless the court requires or authorizes reporting on a fiscal year basis, the guardian of the property shall file an annual accounting with the court on or before April 1 of each year. If the court requires or authorizes reporting on a fiscal year basis, the accounting shall be filed on or before the first day of the fourth month after the end of the fiscal year.
(b) Service. Copies of the annual plan and accounting shall be served on the ward, unless the ward is a minor under the age of 14 years or is totally incapacitated, and the attorney for the ward, if any. With the approval of the court, service on the ward may be accomplished by serving the attorney for the ward. The guardian shall serve copies on such other persons as the court may direct.

Committee Notes
The annual guardianship report consists of the annual plan for the guardian of the person and the annual accounting for the guardian of the property.
For annual guardianship reports regarding minors, see FPR 5.555.
With approval of the court, service on the ward may be accomplished by service on the attorney for the ward, if any. The committee was concerned that actual service on a ward of the accounting or guardianship plan may give uninterested persons access to financial or personal information to the detriment of the ward. The committee believes that under such circumstances, the guardian of the property could seek an order under section 744.371(5), Florida Statutes, even if the ward's circumstances were set out in detail in a pleading other than the annual guardianship report. Such court order may be sought in appropriate circumstances at the time of the initial hearing to determine incapacity.

*988 Rule History
1975 Revision: Substantially the same as section 744.427(1), (2), and (4), Florida Statutes, and section 744.437, Florida Statutes, with editorial changes and providing for the waiving, by a ward who has become sui juris or by the personal representative of a deceased ward, of the filing of an annual accounting. The rule requires the guardian of the property of a ward to appear before the court at the time he files his annual accounting or at such time the court shall determine in order that the court may inquire as to any matter relating to the physical and financial well-being of the ward. This appears to be in conflict with section 744.437, Florida Statutes, which refers to "every guardian" but in the same sentence it refers to "at the time the guardian files his annual return" and only the guardian of the property is required to file an annual accounting.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Subdivision (e) amended to avoid conflict with statutory changes in section 744.437, Florida Statutes (1979).
1988 Revision: Matter in (b) deleted; covered in sections 744.427(2) and 744.434, Florida Statutes. Subdivision (c) deleted; covered in section 744.427(4), Florida Statutes. Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial changes and rule renumbered.

Statutory References
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3685, Fla. Stat. Order requiring guardianship report; contempt.
§ 744.3701, Fla. Stat. Inspection of report.
§ 744.371, Fla. Stat. Relief to be granted.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.041 Service of pleadings and papers.
FPR 5.060 Request for notices and copies of pleadings.
FPR 5.180 Waiver and consent.
FPR 5.555 Guardianships of minors.
FPR 5.610 Execution by guardian.
FPR 5.700 Objection to guardianship reports.
FPR 5.800(b) Application of revised chapter 744 to existing guardianships.

RULE 5.696. ANNUAL ACCOUNTING
(a) Contents and Filing. The guardian of the property shall file an annual accounting as required by law. The annual accounting shall include:
(1) a full and correct account of the receipts and disbursements of all of the ward's property over which the guardian has control and a statement of the ward's property on hand at the end of the accounting period; and
(2) a copy of the statements of all of the ward's cash accounts as of the end of the accounting period from each institution where the cash is deposited.
(b) Substantiating Papers. Unless otherwise ordered by the court, the guardian need not file the papers substantiating the annual accounting. Upon reasonable written request, the guardian of the property shall make the substantiating papers available for examination to persons entitled to receive or inspect the annual accounting. Substantiating papers need not be filed with the court unless so ordered.
(c) Interim Inspection of Records. Upon reasonable written request and notice, the guardian of the property shall make all material financial records pertaining to the guardianship available for inspections to those persons entitled to receive or inspect the annual accounting.

*989 Committee Notes

Rule History
1991 Revision: New rule.

Statutory References
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3701, Fla. Stat. Inspection of report.
§ 744.3735, Fla. Stat. Annual appearance of the guardian.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.041 Service of pleadings and papers.
FPR 5.060 Request for notices and copies of pleadings.
FPR 5.610 Execution by guardian.
FPR 5.695 Annual guardianship report.
FPR 5.700 Objection to guardianship reports.

RULE 5.697. MASTERS' REVIEW OF GUARDIANSHIP ACCOUNTINGS AND PLANS
(a) General Masters. The court may appoint general masters to review guardianship accountings and plans. General masters shall be members of The Florida Bar and shall continue in office until removed by the court. The order appointing a general master shall be recorded. Each general master shall take the oath required of officers of the court by the Constitution. The oath shall be recorded before the master begins to act.
(b) Special Masters. In connection with the court's review of guardianship accountings and plans, the court may appoint members of The Florida Bar as special masters for any particular service required by the court. Special masters shall be governed by all laws and rules relating to general masters except special masters shall not be required to take an oath unless specifically required by the court. For good cause shown, the court may appoint a person other than a member of The Florida Bar as a special master.
(c) General Powers and Duties. Every master shall act under the direction of the court. Process issued by a master shall be directed as provided by law. All grounds for disqualification of a judge shall apply to masters.
(d) Hearings. Hearings before any master may be held in the county where the action is pending, or at any other place by order of the court for the convenience of the witnesses or the parties. A master shall give notice of hearings to all parties. If any party fails to appear, the master may proceed ex parte or may continue the hearing to a future day, with notice to the absent party. The master shall proceed with reasonable diligence and the least practicable delay. Any party may apply to the court for an order directing the master to accelerate the proceedings and to make a report promptly. Evidence shall be taken in writing or by electronic recording by the master or by some other person under the master's authority in the master's presence and shall be filed with the master's report. The master may examine and take testimony from the parties and their witnesses under oath, on all matters authorized by the court for review by the master and may require production of all books, papers, writings, vouchers, and other documents applicable to those matters. The master shall admit only evidence that would be admissible in court. The master may take all actions concerning evidence that may be taken by the court.
(e) Master's Report. The master's report shall contain a description of the matters considered and the master's conclusions and any recommendations. No part of any statement of facts, account, charge, deposition, examination, or answer used before the master shall be recited.
(f) Filing Report; Service; Exceptions. The master shall file a report with the court and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the date the report is served on them. If no exceptions are timely filed, the court shall take appropriate *990 action on the report. All timely filed exceptions may be heard by the court on reasonable notice by any party.

Committee Notes

Rule History
1991 Revision: This is a new rule, patterned after Fla.R.Civ.P. 1.490.

Statutory Reference
§ 744.369(2), Fla. Stat. Judicial review of guardianship report.

Rule Reference
Fla.R.Civ.P. 1.490 Masters.

RULE 5.700. OBJECTIONS TO ANNUAL FINANCIAL RETURNS OBJECTION TO GUARDIANSHIP REPORTS
(a) Objections. After the filing of the annual financial return, a person interested as creditor, or otherwise, may file objections to any item in writing within 30 days after filing, or within 30 days after service of a copy when such service is required, specifying the grounds of objection. No item previously approved by the court on notice shall be subject to objection.
(b) Hearing. If objections are filed, the guardian or the objecting person, after the expiration of the time for filing objections and on reasonable notice to the other, may apply to the court for a hearing. After the hearing, the court shall enter an order sustaining or overruling the objections.
(c) Order. If no objection is filed to any annual financial return within the time for filing objections, the court shall examine the annual financial return and enter its order approving it or requiring proof of the items.
(a) Objections. The ward, or any other interested person, may file an objection to any part of a guardianship report within the time provided by law.
(b) Contents. Any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based.
(c) Service. The objector shall serve a copy of the objection on each guardian and on any other person as directed by the court.

Committee Notes

Rule History
1975 Revision: Substantially the same as section 744.427(3), (5), and (6), Florida Statutes, with editorial changes.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Revised to conform with new statutory requirements.

Statutory References
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.041 Service of pleadings and papers.
FPR 5.060 Request for notices and copies of pleadings.
FPR 5.180 Waiver and consent.
FPR 5.610 Execution by guardian.

RULE 5.705. PETITION FOR INTERIM JUDICIAL REVIEW
(a) Contents. A petition for interim judicial review shall be verified, state the petitioner's interest in the proceeding, state with particularity the manner in which the guardian's action or proposed action does not comply with or exceeds the guardian's authority under the guardian plan, and state why the action or proposed action of *991 the guardian is not in the best interest of the ward.
(b) Service. The petition shall be served by formal notice.
(c) Hearing. The petitioner or any interested person may set the matter for hearing.

Committee Notes

Rule History
1991 Revision: New rule.

Statutory Reference
§ 744.3715, Fla. Stat. Petition for interim judicial review.

RULE 5.710. REPORTS OF PUBLIC GUARDIAN
Within 6 months of the appointment of tThe public guardian, as the guardian of a ward, the public guardian shall submit a report reports as required by F.S. 744.708(4) law to the chief judge of the circuit and file a copy with the clerk.

Committee Notes

Rule History
1987 Revision: This is a new rule and was promulgated to establish procedures to accommodate the Public Guardian Act. See § 744.701, et seq., Fla. Stat. See also FPR 5.560.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Editorial changes.

Statutory Reference
§§ 744.701-744.709, Fla. Stat. Public Guardianship Act.

Rule Reference
FPR 5.560 Petition for appointment of guardian; notice.

RULE 5.800. APPLICATION OF REVISED CHAPTER 744 TO EXISTING GUARDIANSHIPS
(a) Compliance With Statutory Amendments Prior Adjudication of Incompetency. In all cases where When an adjudication of incompetency has taken place under F.S. Cchapter 744, Florida Statutes, prior to before October 1, 1989, no readjudication hearing of incapacity shall be required. Any guardianship established on or after October 1, 1989, must be in compliance with the Florida Guardianship Law as amended in 1989. With the filing of the annual guardianship report pursuant to F.S. 744.367, the guardian of a ward adjudicated before October 1, 1989, must demonstrate compliance with the statutory revisions through addressing any modifications or limitations on the guardianship that might be required by current law.
(b) Nonresident Guardians. Nonresident guardians appointed before October 1, 1989, shall not be automatically disqualified to serve and shall not be required to resign and initiate their own removal.
(c)(b) Annual Guardianship Reports. Guardians appointed before October 1, 1989, shall not file annual inventories on April 1, 1990, or any succeeding year but shall henceforth file annual guardianship reports within 30 days from the last day of the anniversary month of the ward's adjudication of incompetency which shall henceforth be referred to as incapacity as required by law.

Committee Notes

Rule History
1989 Revision by Ad Hoc Committee: The committee adopted a position that guardians appointed before the effective date of the 1989 revisions to chapter 744, Florida Statutes, should comply with all sections of the law that apply to future acts of the guardian. For example, all guardians will in the future file annual reports and will be responsible for the continuing well-being of their wards. The committee recognized a distinction between those actions that will necessarily occur on a continuing basis throughout the guardianship and those actions that happen at a particular moment in time but are not necessarily ongoing duties. There are two and only two specific examples to which the statutory reforms would not apply retrospectively if the above distinction is adopted. First, the initial adjudication of incapacity occurs only once in any guardianship. Although guardianships are reevaluated annually, the statute does not *992 contemplate a complete readjudication procedure every year. Therefore, the committee concluded that the initial adjudicatory hearing need not be repeated for wards adjudicated incompetent before October 1, 1989. Second, as concerns nonresident guardians appointed before October 1, 1989, normally, a guardian is appointed only once at the beginning of the guardianship. While these nonresident guardians would be expected to obey all provisions of the law prospectively, they would not be required to initiate their own removal.
1991 Revision: Editorial changes in first sentence of (a), and rest of subdivision deleted as unnecessary. Subdivision (b) has been transferred to FPR 5.650. Date reference no longer required in (c), and modified to make filing requirement of preexisting guardianships consistent with the current statutory provisions.

Statutory References
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.

Rule References
FPR 5.695 Annual guardianship report.
FPR 5.696 Annual accounting.

PART IV. EXPEDITED JUDICIAL INTERVENTION CONCERNING MEDICAL TREATMENT PROCEDURES

RULE 5.900. EXPEDITED JUDICIAL INTERVENTION CONCERNING MEDICAL TREATMENT PROCEDURES
(a) Petition. Any proceeding for expedited judicial intervention concerning medical treatment procedures may be brought by any interested adult person and shall be commenced by the filing of a verified petition which states:
(1) the name and address of the petitioner;
(2) the name and location of the person who is the subject of the petition (hereinafter referred to as the "patient");
(3) the relationship of the petitioner to the patient;
(4) the names, relationship to the patient, and addresses if known to the petitioner, of:
(A) the patient's spouse and adult children;
(B) the patient's parents (if the patient is a minor);
(C) if none of the above, the patient's next of kin;
(D) any guardian and any court-appointed health care surrogate;
(E) any person designated by the patient in a living will or other document to exercise the patient's health care decision in the event of the patient's incapacity;
(F) the administrator of the hospital, nursing home, or other facility where the patient is located;
(G) the patient's principal treating physician and other physicians known to have provided any medical opinion or advice about any condition of the patient relevant to this petition; and
(H) all other persons the petitioner believes may have information concerning the expressed wishes of the patient; and
(5) facts sufficient to establish the need for the relief requested.
(b) Supporting Documentation. Any affidavits and supporting documentation, including any living will or designation of health care decision-maker, shall be attached to the petition.
(c) Notice. Unless waived by the court, notice of the petition and the preliminary hearing shall be served on the following persons who have not joined in the petition or otherwise consented to the proceedings:
(1) the patient's spouse and the patient's parents, if the patient is a minor;
(2) the patient's adult children;
(3) any guardian and any court-appointed health care decision-maker;
(4) any person designated by the patient in a living will or other document to exercise *993 the patient's health care decision in the event of the patient's incapacity;
(5) the administrator of the hospital, nursing home, or other facility where the patient is located;
(6) the patient's principal treating physician and other physicians believed to have provided any medical opinion or advice about any condition of the patient relevant to this petition;
(7) all other persons the petitioner believes may have information concerning the expressed wishes of the patient; and
(8) such other persons as the court may direct.
(d) Hearing. A preliminary hearing on the petition shall be held within 72 hours after the filing of the petition. At that time the court shall review the petition and supporting documentation. In its discretion the court shall either:
(1) rule on the relief requested immediately after the preliminary hearing; or
(2) conduct an evidentiary hearing not later than 4 days after the preliminary hearing and rule on the relief requested immediately after the evidentiary hearing.

Committee Notes
This rule was submitted by the committee in response to the request contained in footnote 17 of In re Guardianship of Browning, 568 So.2d 4 (Fla. 1990). See also Cruzan by Cruzan v. Director, Missouri Department of Health, ___ U.S. ___, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990).
The promulgation of this rule is not intended to imply that judicial intervention is required to terminate life-prolonging procedures.
Practitioners should note that the criteria and standards of proof contained in Browning differ from the criteria and standards of proof presently existing in chapter 765, Florida Statutes, the Life-Prolonging Procedure Act of Florida.

Rule History
1991 Revision: New rule.

Statutory References
§ 709.08, Fla. Stat. Durable power of attorney.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 744.102, Fla. Stat. Definitions.
§ 744.104, Fla. Stat. Verification of documents.
Ch. 765, Fla. Stat. Right to decline life-prolonging procedures.
Art. I, § 23, Fla. Const.

Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040 Notice.